```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**ALICE ALLEN, ET AL**
                                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:05–CV–312BS**

**TOYOTA MOTOR CREDIT CORPORATION, ET AL**             **DEFENDANTS**
_____

### ORDER

THIS CAUSE came before the court upon the defendant Toyota Motor Credit Corporation's Motion to Consolidate, wherein Toyota requests that this case be consolidated with *Nettie W. Threadgill, et al. vs. Toyota Motor Credit Corp.,* Civil Action No. 3:06cv1BS.

Both of the cases involve identical allegations: that Defendant Toyota Motor Credit Corporation ("TMCC") and its dealers engaged in a fraudulent scheme to charge minority plaintiffs higher finance charges than charged to non-minority customers. Of the 35 named plaintiffs in the *Threadgill* case, 18 of them are also plaintiffs in the *Allen* case. The same attorneys represent all of the plaintiffs, and the same attorneys represent TMCC. TMCC contends that consolidation would be more convenient for the parties by avoiding duplicative discovery and inconsistent results; further, that it would promote judicial economy and conserve judicial resources.

The plaintiffs also request that the cases be consolidated. However, one of the dealer defendants, John O'Neil Johnson Motor Company ("Johnson Motor Company"), has filed a response objecting to consolidation. It contends that the *Allen* case includes 62 "misjoined" plaintiffs who have claims against only TMCC, whereas *Threadgill* includes 35 "misjoined" claims against TMCC and eight

dealership defendants, including Johnson Motor Company.  Only four of these 35 plaintiffs actually make a claim against Johnson Motor Company.  Consolidation would effectively force it to incur unnecessary discovery and defense costs by causing it to have to take part in substantial discovery and proceedings unrelated to the handful of claims waged against it.  Citing *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1098 (Miss. 2004), Johnson Motor also asserts that the claims in *Threadgill* are misjoined, and that each plaintiff's case should be severed from one another; consolidation of these two cases would only magnify the misjoinder problem.

TMMC rebuts Johnson's contentions by acknowledging that severance may become appropriate *after* some discovery has been completed and the facts of the individual claims are analyzed. TMMC asserts that, at this juncture, enough is not known about the facts alleged by the plaintiffs to determine if and which claims should be severed.  Further, no real prejudice will result to any party by consolidation at this stage.

FED.R.CIV.P. 42 provides for consolidation when actions involve a common question of law or fact and unnecessary costs or delays would be avoided.  It also provides for *separate* trials for any claims when separation would further convenience or *avoid prejudice* or when separate trials would be conducive to expedition and economy.

In this case, there are certainly common questions of law and fact involved in all of the claims against both TMMC and the dealers.  The court finds at this time that a consolidation of the

cases for discovery purposes would be considerably more convenient and cost efficient for the primary defendant, TMMC, as well as for all of the plaintiffs.  Consolidation would also promote judicial economy, as discovery disputes would be resolved consistently and without duplicitous motions and hearings and rulings.  Johnson Motor Company  could participate in only discovery involving the four plaintiffs who have claims against it; it would be unnecessary to have counsel attend or conduct depositions of the other plaintiffs.  Further, TMMC's counsel would have similar defenses as Johnson and would participate in discovery regarding each and every claim.  Johnson Motor Company will not suffer actual prejudice to its defense; a slight increase in defense costs does not outweigh the benefits of consolidation.  No other dealer defendant has objected to consolidation.  The undersigned finds that the benefit and value of consolidating these cases at least for discovery purposes does overshadow any negative consequences to Johnson.  Johnson's fear that consolidation could assist the plaintiffs in resurrecting lost claims against it is unfounded.

The motion now before the court shall be granted.  However, the consolidation order shall be **without prejudice** as to any party's right to request separate trials and severance of claims after discovery has been completed.

IT IS, THEREFORE, ORDERED:

1. That the defendant Toyota Motor Credit Corporation's Motion to Consolidate [#34], filed January 26, 2006, is **granted**, and this case shall be consolidated with *Nettie W. Threadgill, et al. vs. Toyota Motor Credit Corp.,* Civil

3

      Action No. 3:06cv1BS.  Pursuant to the local rules of this court, the lower cased cause number shall be lead case.  All further pleadings should be filed within 3:05cv312BS.

2. The Clerk of the court shall make the appropriate entries regarding the consolidation of the cases on the docket of each case.

SO ORDERED this the 23rd day of February, 2006.


                              S/ James C. Sumner
                    UNITED STATES MAGISTRATE JUDGE