```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

                                                                 **Lead Case**

**ALICE ALLEN, et al.,**　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

VS.　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:05-CV-312BS**

**TOYOTA MOTOR CREDIT CORPORATION,**
**et al.**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

　　　　　　　　　　　　　　**CONSOLIDATED WITH**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Member Case**

**NETTIE W. THREADGILL, et al.,**　　　　　　　　　　　　**PLAINTIFFS**

VS.　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:06-CV-1BS**

**TOYOTA MOTOR CREDIT CORPORATION,**
**et al.**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## OPINION AND ORDER

Before the Court are the following Motions:

1. Motion to Dismiss of Defendant John O'Neil Johnson Motor Company, filed on March 22, 2006, in case number 3:05-CV-312BS;

2. Motion to Dismiss of Defendant Hallmark Toyota, filed on March 30, 2006, in case number 3:06-CV-1BS; and

3. Motion to Dismiss of Defendant Toyota of Hattiesburg, filed on March 30, 2006, in case number 3:06-CV-1BS.

Plaintiffs failed to respond to any of the pending Motions to Dismiss and the time limit for filing a response has expired. Therefore, pursuant to the authority granted this Court under Rule

7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[1] the Court finds that the Motions to Dismiss are well taken and should be granted. Dismissal of a case or claims within a case for failure to respond to a dispositive motion must be without prejudice. John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985); Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 493–95 (5th Cir. 1980). Based on the holdings in John and Arundar, Plaintiffs' claims against Defendants John O'Neil Johnson Motor Company, Hallmark Toyota and Toyota of Hattiesburg must be dismissed *without prejudice*.

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant John O'Neil Johnson Motor Company [Cause No. 3:05-CV-312; docket entry. no. 16] is hereby granted. Defendant John O'Neil Johnson Motor Company is hereby dismissed, without prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Hallmark Toyota [Cause No. 3:06-CV-1; docket entry no. 40] is hereby granted. Defendant Hallmark Toyota is hereby dismissed, without prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Toyota of Hattiesburg [Cause No. 3:06-CV-1BS; docket entry no. 41]

---

[1] Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

is hereby granted. Defendant Toyota of Hattiesburg is hereby dismissed, without prejudice.

SO ORDERED this the 22nd day of May, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj